The opinion of the court, (Tilghman, C. J. being absent,) was delivered by
Gibson, J.
There is nothing in the 1st, 2d, 3d, 4th, 5th, or 6th errors. In the duplicate annexed to a collector’s warrant, the landlord may be charged with the whole tax, without reference to tenants, or a suggestion of an apportionment among them. The assessment may be either in the name of the owner or the tenant; *256 and if it be in the name of the owner, with the name of the tenant given as matter of description, and the tax be charged in the duplicate against the owner, leaving out the name of the tenant, the variance will be immaterial. Where the tax is assessed in the name of the owner, the tenant is made liable to pay it, and his liability is in addition to that of the owner, as it existed previously to the act of 1804, so that the collector may proceed against either or both, till the amount due is collected. By the act of 1821, there was no point of limitation to the remedy given to the collector, who might have proceeded at any time after the expiration of the authority contained in his warrant, but by the act of the 18th March, 1822, this provision is repealed, and the warrant itself is continued in force for three years.
•But the court after an accurate exposition of the law with respect to taxes due for seated lands, stated that the same principles are applicable to lands on which there are no tenants; and that where the proper preliminary steps have been taken, the amount may be recovered from the owners without proceeding in the mode prescribed by the act directing the sale of unseated land. Whether any of the lands in this case were in fact unseated, does not appear,as the evidence has not been brought up with the record; and without a consideration of the facts the meaning of the court in this part of the course must necessarily be ambiguous. My impression is that the direction given was, that there is a personal liability for taxes even' where they are due for unseated lands: which is undoubtedly not law. In such case the tax is laid specifically on the thing and not on the person of the owner. This was incidentally decided i n Burd v. Ramsey, 9 Serg. & Rawle, 109, for reasons which it is unnecessary to repeat. As the cause will go back on this ground, the misapprehension of the court if it shall appear to have laboured under one, will not prejudice the plaintiff below; for if it appear that the lands were seated, he will be entitled to recover. The precise meaning of the term “unseated,” as applicable to land, has not been fixed. With respect to one case which may be put, and which is the one that most usually presents itself, there can be no doubt. Where a family has not resided on the land, or profits have never been received from it, it will undoubtedly be considered as unseated: such is the situation of that species of property in the northern and western counties, which is called wild land. .On the other hand, where profits continue to be drawn from the land, although no family reside on it, it can with no propriety be said to be unseated. There may be cases, however, where profits have for a time been drawn from the soil, but the land for its barrenness or some other cause, has for a long time been abandoned, or suffered to lie waste; and whether the owner might in such case abandon it to a sale for the taxes, or whether he would continue personally liable, is a question with respect to which, I am not prepared to give *257 an opinion. I incline to think the practice has been to look to the person of the owner.
Several points were submitted to the judge who tried the cause, for his direction to the jury, and error has been assigned for the want of the instruction desired. On examining the charge, it appears that a proper direction was given on all of them which were material to the issue; and this assignment of error, therefore, is not sustained.
Judgment reversed and a venire de novo awarded.